11-3194
Blackmore v. Holder

BIA
Sagerman, IJ
A031 334 031

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

JAN FITZPATRICK BLACKMORE, AKA YAN BLACKMORE,
> *Petitioner,*

v.                                          11-3194
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jan Fitzpatrick Blackmore, a native and citizen of Guyana, seeks review of a July 21, 2011, decision of the BIA, affirming Immigration Judge ("IJ") Roger F. Sagerman's March 23, 2011, denial of deferral of removal under the Convention Against Torture ("CAT"). *In re Jan Fitzpatrick Blackmore*, No. A031 334 031 (B.I.A. July 21, 2011), *aff'g* No. A031 334 031 (Immig. Ct. Fishkill Mar. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal citation and quotation omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Assuming that we retain jurisdiction over Blackmore's challenge to the agency's denial of deferral of removal under the CAT, he has failed to identify reversible error in the agency's decision. Even if Blackmore is correct that the agency failed to articulate its basis for finding that Guyana's law criminalizing homosexuality was a lawful sanction within the meaning of the CAT, we decline to remand because the agency's finding that Blackmore failed to establish that he would likely be prosecuted under that law, or otherwise tortured, was reasonable. *See In re M-B-A-*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002) (noting that a claim "based on a chain of assumptions and a fear of what might happen" is insufficient to demonstrate eligibility for relief under the CAT); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) (holding that remand is not required "where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion").

As the IJ determined, much of Blackmore's evidence describing the treatment of homosexuals in Guyana was out of date at the time of his 2010 merits hearing and the more recent reader submissions to the *Stabroek News* were entitled

3

to diminished evidentiary weight because they contained unsubstantiated assertions by unknown authors. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to an applicant's evidence lies largely within the discretion of the agency).

Further, the agency properly considered whether Blackmore would be prosecuted under Guyana's law criminalizing homosexuality and did not err in finding that his credible testimony was insufficient to demonstrate his eligibility for relief. *See In re M-B-A-*, 23 I. & N. Dec. at 479-80; *see also Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) ("[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence"); *cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008) (while "credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). Indeed, as the IJ noted, neither Blackmore nor his mother had recently returned to Guyana and lacked first hand knowledge of

4

current country conditions. Moreover, as the government points out, the U.S. Department of State's 2009 Human Rights Reports on Guyana did not identify any prosecutions under Guyana's law criminalizing homosexuality, and the evidence in the record reflected only two incidents of individuals being prosecuted under the law, both of which involved minors. These isolated reports involving non-similarly-situated individuals are insufficient to demonstrate eligibility for relief. *See Jian Hui Shao*, 546 F.3d at 160-61, 170-71; *see also id.* at 155, 172 (finding no error in the BIA's determination that it could not infer a reasonable possibility of forced sterilization from occasional reports of forced sterilization that lacked detail). As a result, Blackmore has not shown that he would more likely than not be subject to prosecution under the law, or otherwise tortured, if removed to Guyana. *Id.* & *In re M-B-A-*, 23 I. & N. Dec. at 479-80.

In light of the foregoing and the IJ's explicit finding that Blackmore failed to show he would likely be arrested on account of his sexual orientation, his argument that the agency failed to consider whether he would be prosecuted under Guyana's law criminalizing homosexuality is without merit. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming

5

that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk